IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CASSANDRA SATTERWHITE, ) | Civil Action |
| ) | No. |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| DIVERSITY HEALTH CENTER, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## FIRST COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Cassandra Satterwhite ("Plaintiff"), by and through undersigned counsel, and files this First Complaint for Damages against Defendant Diversity Health Center, Inc. ("Defendant") under the Americans with Disabilities Act ("ADA"), and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Stephanie Jones-Theaker, 301 Fairhope Lane, Hinesville, Georgia 31313.

# FACTUAL ALLEGATIONS

6.

Plaintiff began her employment with Defendant as a certified medical assistant in April 2019.

7.

At all times relevant, Plaintiff suffered from disabilities of which Defendant had knowledge, specifically asthma and allergies.

8.

On or about April 16, 2020, Theresa Critton, Plaintiff's supervisor, informed Plaintiff that their facility was going to be a Covid-19 testing site and to provide a doctor's note if there she had any pre-existing conditions that may prohibit her from screening patients.

9.

Plaintiff called her doctor that same day and had a virtual appointment with her physician on April 21st. Plaintiff's physician advised that due to her chronic medical problems, she needed to work away from Covid-19 patients, testing for Covid-19 and checking patients with possible Covid-19 exposure. Plaintiff gave Critton the doctor's note and then continued performing duties not associated with Covid-19 patients.

10.

On April 30, 2020, following Plaintiff's shift, Dr. Wheelis, Medical Director, asked if Plaintiff could help with Covid-19 testing. Plaintiff explained that her doctor advised that she work away from Covid-19 patients. Plaintiff showed Dr. Wheelis her doctor's note. Dr. Wheelis then directed Plaintiff to get a new doctor's note with a better account of what she could and could not do. Plaintiff was not permitted to return to work until she had a different excuse - one without restrictions allowing her to work around Covid-19 patients.

11.

On May 4th, Plaintiff met with Dr. Wheelis and again explained she had not been released to handle Covid-19 patients and expressed that she had allergies and asthma.

12.

On May 6, 2020, Ethonia Darby called and asked about Plaintiff's return to work status was. Plaintiff reminded Darby that she had always been able to work and could work at that time, however she needed an accommodation with respect to Covid patients. The same day, Darby called and terminated Plaintiff's employment.

13.

Defendant is now, and at all times relevant hereto, has been an employer subject to the ADA.

14.

At all times relevant, Plaintiff has suffered from a disability, within the meaning of the ADA. Additionally, Defendant "regarded" Plaintiff as disabled.

15.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, need for reasonable accommodation(s), and/or because Plaintiff engaged in protected activity by seeking a reasonable accommodation for her disability. Any reason given by Defendant for terminating Plaintiff's employment is pretext for unlawful discrimination and retaliation in violation of the ADA.

16.

Plaintiff could perform the essential functions of her permission with a reasonable accommodation.

17.

As a result of Defendant's actions, Plaintiff has suffered damages, including lost wages and emotional distress.

# CLAIMS FOR RELIEF

## COUNTS I & II

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

### (ADA DISCRIMINATION AND RETALIATION)

18.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

19.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

20.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

21.

At times relevant to this action, Plaintiff has been an individual with a disabilities as that term has been defined by the ADA.

22.

At times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendant's termination of Plaintiff.

23.

Plaintiff's disabilities and/or need for reasonable accommodation(s) were determinative factors in Defendant's decision to terminate Plaintiff.

24.

At all times relevant, Plaintiff could perform the essential functions of her position with a reasonable accommodation.

25.

Defendant "regarded" Plaintiff as having "disabilities" under the ADA.

26.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of her disabilities, request for and/or need for an accommodation, thus violating Plaintiff's rights under the ADA entitling her to all appropriate relief thereunder.

27.

In terminating Plaintiff after she sought a reasonable accommodation of time off, Defendant retaliated against Plaintiff in violation of the ADA.

28.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

29.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(c) Punitive damages;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) All equitable relief available under the ADA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

This 15th day of September, 2020.

**BARRETT & FARAHANY**

/s/V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
Severin@justiceatwork.com